UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID A. PEARSON, JR.,

        Plaintiff,

        v.         Case No. 23-C-1426

KEVIN A. CARR,
CHRISTOPHER STEVENS,
C. O'DONNELL,
JANE/JOHN DOE, and
MICHAEL SCHULTZ,

        Defendants.

## SCREENING ORDER

Plaintiff David Pearson, Jr., who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Pearson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Pearson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Pearson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2) and has been assessed an initial partial filing fee of $6.02. On November 21, 2023, he filed a motion asking that he be allowed to proceed without paying the initial partial filing fee. He explains that he receives only $4.00 every two weeks and that most of that amount is automatically deducted from his account to satisfy court-

ordered debts and obligations. He also asserts that the balance in his release account is less than $1.00. Under 28 U.S.C. §1915(b)(4), no prisoner shall "be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Given that Pearson lacks both the assets and means to pay the initial partial filing fee, the Court will grant his motion and will waive his obligation to pay an initial partial filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

2

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Pearson, "Mr. Carr and Mr. Stevens have multiple policies and procedures in place that's being violated." He explains that the emergency call button in his cell does not work, there is no window in his cell, and he is forced to share a small cell with another inmate who is serving a life sentence. He states that the prison's roof leaks, there are bugs and mice in his cell, and he must eat and use the bathroom in the same small space, which is like eating in a porta-potty. He also asserts that he has been forced to stay in his cell for twenty-four hours without recreation time. Finally, he asserts that he has not been able to receive adequate treatment for his schizophrenia because of a shortage in mental health workers. Dkt. No. 1 at 2–3.

## THE COURT'S ANALYSIS

"Although the Constitution does not mandate comfortable prisons, it does mandate humane ones." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021) (cleaned up and citations omitted). "[T]he Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* To state a conditions-of-confinement claim under the Eighth Amendment, the conditions a prisoner describes must be "sufficiently serious as an objective matter, meaning that they denied the inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." *Id.* (cleaned up and citations omitted). Further, the inmate must allege

3

that prison officials acted with deliberate indifference, meaning that "they knew of and disregarded this excessive risk of harm to the inmate." *Id*. at 720 (citations omitted).

The Court cannot reasonably infer that the conditions described by Pearson, even when taken together, are so extreme that they create an excessive risk to his health and safety. A small, windowless room where he must eat, sleep, and use the restroom may be uncomfortable, but it can hardly be characterized as a denial of "the minimal civilized measure of life's necessities." Implied in his allegations is that he has a place to sleep, food to eat, and facilities to relieve himself. As the Seventh Circuit long ago observed, "[t]he Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons. Occasional discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994).

Further, Pearson's description of conditions that could possibly pose an excessive risk to his health and safety are too vague for the Court to infer that they were sufficiently serious as an objective matter. For example, Pearson states that he has been made to stay in his room all day with no time for recreation, but he does not state how often this occurs or whether he is permitted to leave his room for other reasons, such as to take a shower, to attend religious services, or to use the telephone. Pearson also states he feels unsafe being housed with someone serving a life sentence, but he does not describe any actions by his cellmate suggesting he poses a serious risk to Pearson, nor does he allege whether he informed staff of specific risks to his safety. Finally, his allegation that he is not receiving adequate mental health care is too vague to state a claim because he does not explain what treatment he has sought, who he requested treatment from, what the response was, or how that response (or lack of response) impacted him.

One final note, it is well established that the doctrine of respondeat superior cannot be used to hold a supervisor liable for the misconduct of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555,

4

561 (7th Cir. 1995). The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992. Pearson sues high-ranking officials of the Department of Corrections (DOC), including the DOC Secretary and the prison warden, but he includes no allegations suggesting that he informed them the of the conditions about which he complains, let alone that they ignored or turned a blind eye to his concerns. The mere fact that they serve as high-ranking officials is insufficient on its own to establish liability. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Pearson believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **December 29, 2023**. If Pearson chooses to file an amended complaint, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who he spoke to in an effort to get help; (4) how that person responded; and (5) how the Court can assist him in relation to those events. Pearson should set forth his allegations in short and plain statements and should ensure that the amended complaint can be understood by someone who is not familiar with the facts of his case. Conclusory statements unsupported by specific factual allegations will not suffice.

Pearson is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of*

5

*Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Pearson's failure to state a claim in his original complaint. If Pearson does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.

**IT IS THEREFORE ORDERED** that Pearson's motion for leave to proceed without paying an initial partial filing fee and his motion for leave to proceed *in forma pauperis* (Dkt. Nos. 8, 2) are **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **December 29, 2023**, Pearson may file an amended complaint curing the defects in the original complaint as described in this decision. If he does so, the Court will screen the amended complaint as required by 28 U.S.C. §1915A.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Pearson a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Pearson shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from Pearson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Pearson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Pearson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Pearson is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Pearson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __29th__ day of November, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge